**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL DON LEATHERWOOD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-25-1300-J** |
| ) | |
| **TIM TIPTON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff Michael Don Leatherwood, a former state prisoner proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983. Doc. 1. He seeks a declaration that an Oklahoma statute requiring driver's licenses or identification cards issued to certain convicted sex offenders to bear the words "Sex Offender" compels speech in violation of the First Amendment. United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §§ 636(b)(1)(B)-(C). Doc. 4. Defendants filed a Motion to Dismiss ("Motion"). Doc. 12. Plaintiff responded, Doc. 16, and Defendants did not reply. The Motion is now at issue.

Plaintiff also filed two motions: a Motion for Class Certification and Appointment of Class Counsel, Doc. 9, and a Motion to Substitute Defendant, Doc. 14. Defendants objected in their Motion to Plaintiff's requested class action, Doc. 12 at 5-7, but they did not respond to Plaintiff's two motions. The motions are now also at issue.

For the reasons set forth below, the undersigned recommends that the Court grant Defendants' Motion in part, deny the Motion in part, and deny Plaintiff's two motions.

I.      **Background**

A.      **Factual background**

In July 2026, Plaintiff was released from Oklahoma Department of Corrections ("ODOC") custody.  Comp. at 2; Doc. 17 at 1[1] (Notice of Change of Address); *see also* Oklahoma Offender Lookup, at https://okoffender.doc.ok.gov/ (last accessed July 27, 2026) (indicating Plaintiff's release from ODOC custody on July 7, 2026).  He was convicted of six counts of first-degree rape in the District Court of Oklahoma County, Oklahoma, and sentenced to more than 19 years' imprisonment.  Comp. at 2; *see* Oklahoma Offender Lookup, *at* https://okoffender.doc.ok.gov/ (last accessed July 27, 2026).  As a result of his convictions, Plaintiff is required to register as an aggravated sex offender upon his release from prison.  Comp. at 2; Doc. 1-1 at 1 (Affidavit).

Plaintiff's Oklahoma driver's license is expired.  Comp. at 3; Doc. 1-1 at 1.  He alleges he needs a driver's license for a wide range of personal and professional activities, including transacting with his bank, operating a motor vehicle, and having documents notarized.  Comp. at 2-3; Doc. 1-1 at 1.  Consequently, Plaintiff will apply to have his driver's license renewed now that he is released from prison.  Comp. at 3; Doc. 1-1 at 1.

Under the Oklahoma statute governing the issuance of driver's licenses, individuals "applying for an original, renewal or replacement" driver's license, who are required to register as a sex offender and have been deemed an "aggravated or habitual offender," "shall be issued a license or card bearing the words 'Sex Offender.'"  Okla. Stat. tit. 47,

---

[1] Page citations reference the Court's electronic case filing pagination.

§ 6-111(E)(1).  Plaintiff's offenses of conviction qualify him as an aggravated offender. As a result, he alleges that any driver's license he obtains will be "branded with the written message 'Sex Offender' in bold, all capital, bright red letters in four (4) locations on the front of the license."  Comp. at 3; Doc. 1-1 at 1.

## B.      Defendants and allegations

Defendants are three senior Oklahoma officials whom Plaintiff has sued in their individual and official capacities.  *Id.*  Defendant Tim Tipton is the Commissioner of the Oklahoma Department of Public Safety, Defendant David Ostrowe is the former Director of the Oklahoma Office of Management and Enterprise Services ("OMES"),[2] and Defendant Jay Doyle is the Executive Director of Service Oklahoma.  *Id.* at 2.

Plaintiff alleges each Defendant is responsible for issuing him a driver's license bearing the "Sex Offender" designation, and each has therefore violated his First Amendment rights.  *Id.* at 4.  Plaintiff avers that he "disagrees with, and is offended by, the message 'Sex Offender' and objects to having the message displayed on his state-issued driver's license" when he is required to show that license to "private citizens for personal

---

[2] Because Defendant Ostrowe is no longer the Director of OMES, the current Director, Mark Wood, is substituted for all official-capacity claims against Ostrowe.  *See Lewis v. Clarke*, 581 U.S. 155, 162 (2017) (explaining "when officials sued in their official capacities leave office, their successors automatically assume their role in the litigation" because "the real party in interest is the government entity, not the named official" (citation modified)); *see generally Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining the difference between individual- and official-capacity claims).  However, for consistency with the pleadings and to reduce confusion, the undersigned will continue to refer to the official-capacity claims brought against the Director of OMES as official-capacity claims against Defendant Ostrowe.

and professional purposes." Comp. at 4; Doc. 1-1 at 1. Plaintiff claims § 6-111(E) violates his "First Amendment right to be free of compelled speech and the right to remain silent." Comp. at 4 (citation modified); *see also* Comp. at 5-6 (alleging § 6-111(E) violates the First Amendment "because it compels Plaintiff to communicate a message that he disagrees with, is offended by, and objects to, and would rather remain silent about").

### C.    Relief requested

Liberally construing the Complaint, Plaintiff requests four forms of relief:

1.    a declaratory judgment that § 6-111(E) is unconstitutional as applied to him, Comp. at 6;

2.    a declaratory judgment that § 6-111(E) is facially unconstitutional, Comp. at 6;

3.    an injunction prohibiting Defendants from issuing him a driver's license bearing the "Sex Offender" designation, *id.*; and

4.    Damages compensating Plaintiff for the costs he has incurred or will incur in obtaining a driver's license bearing the "Sex Offender" designation, *id.*

Additionally, Plaintiff seeks "class certification and appointment of class counsel" pursuant to Federal Rule of Civil Procedure 23. *Id.* at 7.

## II.    Standard of Review

Defendants move to dismiss Plaintiff's claims for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Doc. 12 at 3-13.

If a defendant brings a motion to dismiss under Rule 12(b)(1), the Court must decide whether it has federal subject-matter jurisdiction over the plaintiff's claim before it can decide the Rule 12(b)(6) issues. *See Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d

4

1253, 1259 (10th Cir. 2002) ("Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of the underlying claim." (citation modified)).  If a defendant is successful with its Rule 12(b)(1) motion, then a court must dismiss the complaint for lack of subject-matter jurisdiction.

Rule 12(b)(1) motions take one of two forms: a facial or factual attack.  *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015).  A facial attack challenges the sufficiency of the complaint's allegations.  *Id*.  In reviewing a facial challenge, a district court must accept the allegations in the complaint as true.  *Id*.  In contrast, in a factual attack the moving party may go beyond the allegations contained in the complaint.  *Id*.  A district court may not presume the truthfulness of the complaint's factual allegations when reviewing a factual attack and may allow affidavits and other evidence to resolve disputed jurisdictional facts.  *Id*.  In this case, the undersigned construes the Rule 12(b)(1) motion as a facial attack and accepts the factual allegations in the Complaint as true.  *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (construing a motion as a facial challenge and applying the same standards under Rule 12(b)(1) that are applicable to a 12(b)(6) motion to dismiss).

To survive a motion to dismiss brought under Rule 12(b)(6), a petition must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  In ruling on such a motion, the Court's function "is not to weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted."

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (citation modified). To that end, "all well-pled factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party." *Id.* at 1136 (citation modified).

"Granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (citation modified). Further, a pro se litigant's filing must be liberally construed and held to less stringent standards than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    Analysis

### A.    Plaintiff's claims against all Defendants in their individual capacities should be dismissed with prejudice.

Defendants argue Plaintiff's claims against them in their individual capacities should be dismissed because they are entitled to qualified immunity. Doc. 12 at 11-13.

"The doctrine of qualified immunity shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates clearly established statutory or constitutional rights." *Janny v. Gamez*, 8 F.4th 883, 913 (10th Cir. 2021) (citation modified). "A motion to dismiss based on qualified immunity imposes the burden on the plaintiff to show (1) a constitutional violation occurred and (2) the constitutional right was clearly established at the time of the alleged violation." *Doe v. Woodard*, 912 F.3d 1278, 1289 (10th Cir. 2019) (citation modified). "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must

grant the defendant qualified immunity." *Stepp v. Lockhart*, 168 F.4th 1286, 1301 (10th Cir. 2026).

At this time, the Court need not decide whether § 6-111(E) violates the First Amendment. At a minimum, it is not clearly established that it does so. "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). "A Supreme Court or Tenth Circuit decision on point or the weight of authority from other courts can clearly establish a right." *Halley v. Huckabay*, 902 F.3d 1136, 1144 (10th Cir. 2018). A case is "on point if it involves materially similar conduct or applies with obvious clarity to the conduct at issue." *Lowe v. Raemisch*, 864 F.3d 1205, 1208 (10th Cir. 2017) (citation modified). However, when performing this analysis, the Supreme Court has "repeatedly told courts not to define clearly established law at too high a level of generality." *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021).

None of these requirements is satisfied here. To begin, neither the Supreme Court nor the Tenth Circuit has ever ruled a mandatory "Sex Offender" designation on a person's driver's license was unconstitutional—let alone that it violates the license-holder's First Amendment rights against compelled speech. Indeed, as to the Eighth and Fourteenth Amendments, the Tenth Circuit has specifically held § 6-111(E) is not unconstitutional. *Carney v. Okla. Dep't Pub. Safety*, 875 F.3d 1347, 1351-54 (10th Cir. 2017).[3]

---

[3] Though Mr. Carney presented compelled speech arguments to the Tenth Circuit, the court declined to consider them because they were raised for the first time on appeal.

Nor does the weight of authority from other courts clearly establish a First Amendment right not to have a sex offender designation on one's driver's license. Courts considering similar statutes enacted in other jurisdictions are split over whether those statutes violate the First Amendment. *Compare Nelson v. Landry*, 714 F. Supp. 3d 790, 809 (M.D. La. 2024) (holding sex offender designation on driver's licenses violates the First Amendment), *and Doe 1 v. Marshall*, 367 F. Supp. 3d 1310, 1327 (M.D. Ala. 2019) (same), *with Crist v. State*, 419 So. 3d 183, 204 (Fla. App. 2025) (en banc) (holding sexual predator designation on driver's licenses does not violate the First Amendment), *and Doe v. Kerry*, No. 16-cv-0654-PJH, 2016 WL 5339804, at *18 (N.D. Cal. Sep. 23, 2016) (holding plaintiffs alleging requirement that their passports identify them as sex offenders failed to state a First Amendment claim). Relatedly, the Northern District of Oklahoma recently considered compelled speech claims brought by transgender individuals who alleged a state policy prohibiting them from having the sex on their birth certificate changed violated their rights. *Fowler v. Stitt*, 676 F. Supp. 3d 1094, 1108 (N.D. Okla. 2023), *aff'd in part*, 104 F.4th 770 (10th Cir. 2024). That court dismissed the plaintiffs' claims, finding they had failed to state a claim under the First Amendment. *Id.*

In his Response to the Motion, Plaintiff argues Supreme Court and Tenth Circuit cases addressing compelled speech claims related to text and images on state license plates clearly establish his right not to have a sex offender designation on his driver's license. Doc. 16 at 9 (citing *Wooley v. Maynard*, 430 U.S. 705 (1977) and *Cressman v. Thompson*, 719 F.3d 1139 (10th Cir. 2013)). These cases, while relevant to the merits of Plaintiff's First Amendment claim, do not show his right is clearly established.

Neither *Wooley* nor *Cressman* involves materially similar conduct or applies with obvious clarity to the Oklahoma statute requiring Plaintiff to receive a driver's license with the sex offender designation.  *Wooley* involved a New Hampshire law requiring state license plates to be "embossed with the state motto, 'Live Free or Die.'"  430 U.S. at 707.  In striking down the requirement, the Supreme Court emphasized that the "statute in effect require[d] that appellees use their private property as a 'mobile billboard' for the State's ideological message," displaying that message "to hundreds of people each day."  *Id.* at 715.  Similarly, in *Cressman*, the Tenth Circuit held that a plaintiff who alleged an image on Oklahoma's license plate conveyed a religious message had stated a plausible claim for First Amendment relief.  719 F.3d at 1154-55.

The requirement that Plaintiff's driver's license bear the sex offender designation is meaningfully distinguishable from the license plate information at issue in *Wooley* and *Cressman*.  First, while Plaintiff characterizes the designation as "the State's ideological message," Doc. 16 at 9, it is better understood as communicating certain factual information that the state has deemed Plaintiff an aggravated or habitual sex offender.  *See* Okla. Stat. tit. 47, § 6-111(E).  This is different than the ideological and religious messages at issue in *Wooley* and *Cressman*.  Second, Plaintiff claims it does not matter "whether the compelled speech is required to be displayed on a license plate, branded on a driver's license or identification card, or tattooed on someone's forehead."  Doc. 16 at 9.  He is incorrect.  As both *Wooley* and *Cressman* recognized, the context in which a message is conveyed has a profound impact on the First Amendment analysis.  *See Wooley*, 430 U.S. at 715 (emphasizing that a person's license plate is viewed by "hundreds of people each

9

day"); *Cressman*, 719 F.3d at 1155 ("Claims involving symbolic speech depend on circumstances and context."). Plaintiff alleges he will be required to display his driver's license when "transacting banking and other financial matters, having documents notarized for a variety of reasons, retrieving tickets at the will-call window at the Oklahoma City Civic Center, etc." Comp. at 2-3. But those are meaningfully different circumstances than having to display the government's ideological or religious message whenever one drives on public roads or parks in public spaces.

For these reasons, neither case clearly establishes Plaintiff's First Amendment right to not have a sex offender designation on his driver's license. Because it is not clearly established that the "Sex Offender" designation requirement violates the First Amendment, Plaintiff's claims against Defendants in their individual capacities should be dismissed with prejudice based on qualified immunity.

**B.    Plaintiff's claims against Defendants Tipton and Ostrowe in their official capacities should be dismissed.**

Defendants Tipton and Ostrowe are both employees of the state of Oklahoma. "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation modified). Accordingly, a plaintiff's § 1983 action against state officials in their official capacity has two primary impediments to success. The first is the statutory hurdle that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. As such, the undersigned recommends dismissing with prejudice Plaintiff's claims for monetary damages because Defendants in their official

10

capacity are not "persons" subject to suit under § 1983 for money damages.  *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1135 (10th Cir. 2024) (affirming this Court's dismissal with prejudice of § 1983 damages claims against the University of Oklahoma and university officials because "neither states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983 for monetary damages") (citation modified); *Neal v. Lewis*, 414 F.3d 1244, 1248 (10th Cir. 2005) ("Mr. Neal's official capacity claims must fail, because state officials acting in their official capacities are not 'persons' subject to liability under § 1983.").

The second is the constitutional hurdle that due to a State's "Eleventh Amendment immunity[,] . . . a State cannot be sued directly in its own name regardless of the relief sought."  *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).  Eleventh Amendment immunity "is not absolute" though.  *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012).  Most relevant here, a suit against state officials may proceed under the exception in *Ex parte Young*, 209 U.S. 123 (1908).  A plaintiff under *Ex parte Young* may "bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief."  *Muscogee (Creek) Nation*, 669 F.3d at 1166.  "The *Ex parte Young* exception proceeds on the fiction that an action against a state official seeking only prospective injunctive relief is not an action against the state and, as a result, is not subject to the doctrine of sovereign immunity."  *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011).  "To satisfy this exception, the named state official must have some connection with the enforcement of the challenged statute—a particular duty to enforce the

statute in question and a demonstrated willingness to exercise that duty." *Frank v. Lee*, 84 F.4th 1119, 1132 (10th Cir. 2023) (citation modified).

Here, Plaintiff has made no non-conclusory allegations that Defendants Tipton and Ostrowe have any connection to the alleged violation of his First Amendment rights. The Oklahoma statute Plaintiff is challenging, § 6-111(E), is administered by Service Oklahoma. The Oklahoma Legislature created Service Oklahoma in 2022 by separating an OMES unit performing similar functions and reconstituting it as "a separate and distinct agency." Okla. Stat. tit. 47, § 3-101(B)(1). The new agency was granted "the applicable powers, duties, and responsibilities exercised by the Driver License Services Division of the Department of Public Safety." *Id.* § 3-101(A) (citation modified). Service Oklahoma is led by an Executive Director who reports to the Governor and "supervise[s] all activities" and "administer[s] all programs and policies" of the agency. *Id.* § 3-103(A)-(B).

Defendants Tipton and Ostrowe, who lead the Oklahoma Department of Public Safety and OMES, respectively, have no role in administering § 6-111(E)—a task performed by a separate agency over which they have no legal authority. Therefore, the *Ex parte Young* exception does not apply to them. As such, Plaintiff's claims against Defendants Tipton and Ostrowe in their official capacity should be dismissed without prejudice as barred by the Eleventh Amendment. *See Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) (concluding the state attorney general and governor were not subject to *Ex parte Young* when members of another agency enforced the statute); *see also Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) (noting that "Eleventh Amendment immunity is jurisdictional" and dismissal should be "without prejudice").

12

C.    **Plaintiff's official-capacity claims against Defendant Doyle should be dismissed in part.**

1.    **Plaintiff has standing to sue Defendant Doyle.[4]**

Defendants first contend Plaintiff lacks standing to sue because Plaintiff does not allege he has yet "been denied a driver's license without the label 'sex offender.'" Doc. 12 at 5; *see also id.* at 4 ("Plaintiff does not have standing because his injury is not clearly imminent or concrete."). Essentially, Defendants argue Plaintiff has failed to allege facts showing he has suffered an injury-in-fact. This argument is without merit.

"Standing is a prerequisite to a federal court's exercise of Article III jurisdiction." *Peck v. McCann*, 43 F.4th 1116, 1129 (10th Cir. 2022). A plaintiff bears the burden of proving standing; he or she "must establish three elements: an injury-in-fact, causation, and redressability." *Aptive Env't, LLC v. Town of Castle Rock*, 959 F.3d 961, 973 (10th Cir. 2020) (citation modified). "A plaintiff must demonstrate standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 554, 561 (1992)). Thus, "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] 'presume that general allegations embrace those specific facts that are necessary to support

---

[4] If the Court adopts the undersigned's recommendation to dismiss all of Plaintiff's claims against Defendants Tipton and Ostrowe, then it need not address whether Plaintiff has standing to sue them. In the alternative, the Court should find Plaintiff does not have standing to sue Defendants Tipton and Ostrowe because, for the same reasons they are entitled to Eleventh Amendment immunity, Plaintiff's harms are not fairly traceable to them and a judgment entered against them would not redress his harms.

the claim.'"  *Lujan*, 504 U.S. at 561 (citation modified) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).

An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Id.* at 560 (citation modified).  A concrete injury is one that is "real rather than abstract," but it need not necessarily be "tangible."  *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) (citation modified).  An injury is imminent "if [it] is certainly impending, or there is a substantial risk that the harm will occur."  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation modified).

Here, Plaintiff's alleged injury is both concrete and imminent.  He alleges the requirement that his driver's license bear the sex offender designation violates his First Amendment right against compelled speech—a legally protected interest.  *See W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943) ("If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein.").  Plaintiff also alleges how this harm will come about:  he will be required to obtain a license with the sex offender designation and to show that license to a wide range of non-governmental actors "on a daily basis."  Comp. at 3.  And he alleges this will happen soon after his release from prison.  *Id.* at 2-3.  Thus, Plaintiff has alleged a concrete and imminent injury of a legally protected interest.

14

For these reasons, the undersigned concludes Plaintiff has standing to sue Defendant

Doyle.[5]

> **2.    Plaintiff's claims for retrospective injunctive relief or money damages against Defendant Doyle in his official capacity should be dismissed.**

To the extent Plaintiff asserts claims for retrospective injunctive relief or money

damages against Defendant Doyle, such claims should be dismissed with prejudice because

Defendant Doyle in his official capacity is not a "person" within the meaning of § 1983 for

damages or retrospective injunctive relief.  *Will*, 491 U.S. at 71; *Frank*, 84 F.4th at 1131.

Alternatively, such claims by Plaintiff against Defendant Doyle in his official capacity

---

[5] Defendants also raise a passing argument that Plaintiff's claims are not ripe.  *See* Doc. 12 at 4 ("Plaintiff's alleged injury has not occurred as he is still incarcerated; therefore, Plaintiff's claim lacks standing and ripeness . . . .").  "The doctrines of standing and ripeness substantially overlap in many cases," but whereas standing concerns whether a claim has been asserted against the defendant, ripeness concerns whether it is the proper time to bring the claim against that defendant. *S. Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1158 (10th Cir. 2013); *see also N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1229 (10th Cir. 2021) ("If a threatened injury is sufficiently 'imminent' to establish standing, the constitutional requirements of the ripeness doctrine will necessarily be satisfied." (citation modified)).  A claim is ripe when it "present[s] a live controversy, ripe for determination, in a 'clean-cut and concrete form.'"  *Kan. Jud. Rev. v. Stout*, 519 F.3d 1107, 1116 (10th Cir. 2008) (quoting *Renne v. Geary*, 501 U.S. 312, 322 (1991)).  The Tenth Circuit "appl[ies] a two-factor test to determine whether an issue is ripe;" the factors are "the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration."  *Id.* (citation modified).  Plaintiff's claims against Defendant Doyle satisfy both factors.  Plaintiff alleges that (1) when he is released from prison he will apply for an Oklahoma driver's license, (2) he meets the requirements of § 6-111(E), and (3) as a result he will be issued a driver's license bearing the "Sex Offender" designation.  Comp. at 2-4; Doc. 1-1 at 1.  These events may already have happened, given his ODOC release on July 7, 2026.  Thus, Plaintiff's claims, based on allegedly imminent harms, are ripe, and he has sufficiently alleged hardship if judicial consideration were withheld.

should be dismissed without prejudice because Defendant Doyle is immune from suit under the Eleventh Amendment. *Colby*, 849 F.3d at 1278; *see* Section III(B), *supra*.

### 3. Plaintiff's prospective claims against Defendant Doyle in his official capacity should not be dismissed.

In a strikingly similar case in the Northern District of Oklahoma, three plaintiffs on the Oklahoma Sex Offender Registry recently filed suit through counsel against Executive Officer Doyle of Service Oklahoma, raising a comparable First Amendment claim of compelled speech based on the "Sex Offender" endorsement on their driver's licenses. *See generally Hamilton v. Doyle*, No. 25-cv-00312, 2026 WL 1764082, at *1-2 (N.D. Okla. June 18, 2026) (describing factual and procedural background). The *Hamilton* plaintiffs sought a declaratory judgment and prospective injunctive relief against Executive Director Doyle. *Id*. In *Hamilton*, Doyle was represented by the same counsel now representing him before this Court. He similarly filed a motion to dismiss based on alleged immunity and failure to state a claim. *Id*. at *2.

In *Hamilton*, Judge Huntsman ruled Doyle was not entitled to Eleventh Amendment immunity for plaintiffs' prospective claims because (1) an exception to sovereign immunity under *Ex parte Young* allows official-capacity claims against state officials for prospective relief who have some connection with enforcing the statute at issue, and (2) Doyle had a sufficient connection based on Service Oklahoma's statutory obligations. *Id*. at *2-4. Further, Judge Huntsman denied Doyle's motion under Rule 12(b)(6) to dismiss the complaint for failure to state a claim. *Id.* at *5-6. The undersigned agrees with Judge

16

Huntsman's well-reasoned decision and relies on her analysis when considering Plaintiff's similar claim here for prospective relief and Defendant Doyle's arguments for dismissal.

> **a.    Section 1983 and the Eleventh Amendment do not bar Plaintiff's claims for prospective declaratory and injunctive relief against Defendant Doyle.**

As in *Hamilton*, Defendant Doyle claims here he is entitled for two reasons to immunity on Plaintiff's claims against him for prospective relief.  First, he argues that under *Will v. Michigan Department of State Police*, 491 U.S. at 64, state agencies and officials are not "persons" under § 1983.  Doc. 12 at 9-10.  Supreme Court and Tenth Circuit decisions, however, have rejected such an argument when considering official-capacity claims against a state official for prospective relief:

> While *Will* did hold state officials were not "persons" under § 1983 *for purposes of damages claims*, it expressly recognized, "Of course a state official in his or her official capacity, *when sued for injunctive relief*, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  491 U.S. at 71 n.10.

*Frank*, 84 F.4th at 1311 (citation modified).

Second, Defendant Doyle argues he does not have "some connection" to enforcement of the challenged statute because (1) "Plaintiff does not allege he has had to comply with the challenged statute" and (2) Defendant Doyle has no "specific duty to enforce [§ 6-111(E)]."  Doc. 12 at 10-11.  Neither argument is persuasive.

To begin, Plaintiff has alleged he is subject to § 6-111(E) and will be required to obtain a driver's license with the sex offender designation when he applies to have his license reinstated.  Comp. at 2-4.  This is sufficient to demonstrate he must comply with § 6-111(E).  *See Hamilton*, 2026 WL 1764082, at *3 (finding plaintiffs who alleged they

17

were required to obtain a license with the sex offender designation had established they were required to comply with the statute).

Further, Plaintiff has sufficiently alleged Defendant Doyle has "some connection" with enforcement of the statute. "*Ex parte Young* requires the official-defendant to have a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty. Courts deciding whether such a duty exists often look to the governing statutes." *Hamilton*, 2026 WL 1764082, at *3 (citing *Frank*, 84 F.4th at 1132-33). Here, Plaintiff challenges § 6-111(E). That provision statutorily obligates Service Oklahoma to

> develop a procedure whereby a person applying for an original, renewal or replacement . . . driver license or identification card who is required to register as a convicted sex offender . . . and who the Department of Corrections designates as an aggravated or habitual offender . . . shall be issued a license or card bearing the words 'Sex Offender.'

Okla. Stat. tit. 47, § 6-111(E). And as noted earlier, Service Oklahoma is a "separate and distinct" state agency. *Id.* § 3-101(B)(1). Its Executive Director is the agency's chief executive officer, "acts for Service Oklahoma in all matters," and "administer[s] programs and policies" for Service Oklahoma. *Id.* § 3-103(B)).

In sum, the undersigned agrees with the recent analysis of the *Hamilton* court and similarly concludes Plaintiff here has sufficiently alleged Defendant Doyle has "some connection" with the enforcement of the sex offender designation requirement of § 6-111(E). *See Hamilton*, 2026 WL 1764082, at *4 (finding plaintiffs raising substantially

18

similar claims had sufficiently alleged Doyle was not entitled to Eleventh Amendment immunity).[6]

Finally, as in *Hamilton*, Defendant Doyle here does not dispute that the other elements of an *Ex parte Young* exception are present. *See* Doc. 12 at 9-11; *see also Pruitt*, 669 F.3d at 1167 ("For the *Ex parte Young* exception to apply, plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." (citation modified)).

Therefore, the undersigned recommends that the Court deny Defendants' Motion to dismiss Plaintiff's claims for prospective declaratory and injunctive relief against Defendant Doyle based on § 1983's scope of "persons" or on Eleventh Amendment immunity.

### b.    Plaintiff has stated a claim against Defendant Doyle.

Finally, Defendants argue Plaintiff has failed to state a claim against Defendant Doyle because his Complaint "lacks a single reference to any personal participation by

---

[6] The *Hamilton* plaintiffs alleged they had been issued driver's licenses with the sex offender designation, which Judge Huntsman concluded "[gave] rise to a reasonable inference that Service Oklahoma has, in fact, promulgated procedures to enforce section 6-111(E)." *Hamilton*, 2026 WL 1764082, at *4. Additionally, the *Hamilton* court took judicial notice of Service Oklahoma's procedures, an archived version of which the court found on the Internet. *Id.* at *4 n.7. Liberally construing Plaintiff's Complaint, the undersigned concludes his allegation—that he will be required to obtain a driver's license with the sex offender designation—raises a fair inference that Service Oklahoma has promulgated the procedures required by § 6-111(E). In the alternative, the undersigned similarly takes judicial notice of the archived version of Service Oklahoma's Standard Operating Procedures, at https://perma.cc/J7PK-R9ZM (last accessed July 27, 2026).

19

Doyle" in the alleged violation of Plaintiff's First Amendment rights.[7]  Doc. 12 at 8-9.  The

undersigned is not persuaded and instead finds Plaintiff has stated a claim against

Defendant Doyle for substantially the same reasons the *Hamilton* court recently denied

Doyle's similar Rule 12(b)(6) arguments.  *See Hamilton*, 2026 WL 1764082, at \*5-6.

When considering comparable arguments to dismiss the claims in *Hamilton*, Judge

Huntsman concluded the same cases presented by Defendant Doyle to her and to this Court

> are cases where damages claims have been brought against a defendant in his
> individual capacity.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.
> 1996) (dismissing § 1983 claims where plaintiff "failed to sue the parties
> responsible for [his] beating" and did not allege any personal involvement
> by their supervisors, the defendants); *Foote v. Spiegel*, 118 F.3d 1416, 1423
> (10th Cir. 1997) (noting that "[i]ndividual liability" must be based on
> personal involvement); *Jenkins v. Wood*, 81 F.3d 988, 994–95 (10th Cir.
> 1996) (discussing the evidence needed to "prevail on a claim for damages"
> against individual defendants and rejecting liability simply due to an
> individual's role as a supervisor).  Doyle cites no case law indicating that
> "personal involvement" is required for an *Ex parte Young* claim, and this
> would contradict the test set out in Tenth Circuit precedent that requires the
> official-capacity defendant to have "some connection" with enforcement of
> a statute involving a "particular duty" and willingness to enforce it.  *Frank*,
> 84 F.4th at 1132.

*Hamilton*, 2026 WL 1764082, at \*5; *cf. Free Speech Coal., Inc. v. Anderson*, 119 F.4th

732, 736-41 (10th Cir. 2024) (holding public officials are entitled to Eleventh Amendment

immunity where they neither "enforce" nor "give effect" to a law); *Hendrickson*, 992 F.3d

---

[7] While Defendants aver "the Complaint does not assert enough non-conclusory allegations to show Plaintiff may be established to relief under any provision of the First Amendment," Doc. 12 at 7 (citation modified), their argument focuses on his factual allegations, not his legal ones.  Because Defendants do not contest Plaintiff's legal allegations, the undersigned assumes for assessing the Motion that his allegations, if taken as true and made against the proper defendants, are legally sufficient to state a claim for a violation of his First Amendment rights.

at 966-68; *Shaw v. Patton*, 823 F.3d 556, 561 n.8 (10th Cir. 2016) (explaining that public officials not responsible for administering a program governing driver's license designations were not proper defendants in a challenge to that program).

Finally, as Judge Huntsman stated in *Hamilton*, "there is no support for Doyle's apparent argument that . . . Plaintiff must track down the individual worker who [will] put the "SEX OFFENDER" stamp on his license and ask that such exact person be required to remove the stamp." 2026 WL 1764082, at *5 (citation modified). For these reasons, the undersigned recommends that the Court deny Defendants' Motion to dismiss Plaintiff's claims for prospective declaratory and injunctive relief against Defendant Doyle.[8]

## D.    Plaintiff's class action claim should be dismissed without prejudice.

Defendants do not seek dismissal of Plaintiff's class action claim; instead, they ask the Court to deny Plaintiff's request in his Complaint that the Court certify a class action. Doc. 12 at 5-7.[9] District courts, however, have the inherent power to manage their dockets, which includes the ability to "dismiss a frivolous or malicious action even in the absence

---

[8] Defendants' Motion observes "Plaintiff alleges he *will* be subject to the statute once he is discharged (sometime in the future), renews his license, and finds residence in Oklahoma." Doc. 12 at 9. Defendants do not elaborate on this point, but to the extent they intend to argue Plaintiff has failed to state a claim because his harm will occur in the future, that argument is not availing. Allegations that a plaintiff seeking renewal of his driver's license will be subject to § 6-111(E) create a "reasonable inference" that a plaintiff is "required to have a license with the 'SEX OFFENDER' stamp, or no license at all." *Hamilton*, 2026 WL 1764082, at *5.

[9] Defendants did not respond to Plaintiff's Motion for Class Certification and Appointment of Class Counsel, Doc. 9, though they argued in their Motion that he had not demonstrated the prerequisites for a class action, Doc. 12 at 5-7.

of a statutory provision." *Fournerat v. DeGiusti*, No. CIV-25-39-R, 2025 WL 510932, at *1 (W.D. Okla. Feb. 14, 2025) (citation modified) (collecting cases); *see also* Fed. R. Civ. P. 23(d)(1)(D) ("In conducting an action under this rule, the court may issue orders that require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."); *cf. Hamilton*, 2026 WL 1764082, at *6 (finding a request to deny class certification at the pleading stage should be treated as a motion to dismiss pursuant to Rule 12(b)(6)). As such, the undersigned considers whether Plaintiff's class action claim can survive a Rule 12(b)(6) challenge, and finds it cannot.

Class action claims are governed by Federal Rule of Civil Procedure 23, which allows a suit to proceed as a class action only where:

1.      the class is so numerous that joinder of all members is impracticable;

2.      there are questions of law or fact common to the class;

3.      the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4.      the representative parties will fairly and adequately represent the interests of the class.

Fed. R. Civ. P. 23(a). Additionally, a class action must satisfy one of the circumstances detailed in Rule 23(b). Here, Plaintiff has alleged no facts regarding how § 6-111(E) applies to anyone other than himself. Indeed, his only indication in the Complaint that he wishes to pursue a class action is his one-sentence request for "class certification and appointment of class counsel." Comp. at 7. Because Plaintiff has failed to allege any facts

22

establishing numerosity, commonality, and typicality, the undersigned recommends that

Plaintiff's claims on behalf of a class be dismissed without prejudice.[10]

### E.      Plaintiff's remaining motions should be dismissed.

Plaintiff has filed two motions:  a Motion for Class Certification and Appointment

of Class Counsel, Doc. 9, and a Motion to Substitute, Doc. 14.  Both motions should be

denied.

#### 1.      Plaintiff's Motion for Class Certification and Appointment of Class Counsel should be denied as moot.

If the Court accepts the undersigned's recommendation that Plaintiff's class action

claims should be dismissed, then his Motion for Class Certification and Appointment of

Class Counsel should be denied as moot.  In the alternative, if the Court declines to dismiss

Plaintiff's class action claims, the motion should still be denied.

It is well established that "a litigant may bring his own claims to federal court

without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Ins. Cas. Co.*,

213 F.3d 1320, 1321 (10th Cir. 2000) (citation modified).  This rule is "particularly

important in class actions because class litigation must comply with . . . complex and

demanding requirements" and can "foreclose other class members from later bringing the

same claims." *Ransom v. U.S. Postal Serv.*, 170 F. App'x 525, 529 (10th Cir. 2006).  A

---

[10] In his Motion for Class Certification and Appointment of Class Counsel, Plaintiff alleges "the number of members of the [proposed] class is likely to be many hundreds, and possibly in the thousands," and that members of the proposed class share common claims, of which his claims are typical.  Doc. 9 at 3 (citation modified).  However, Plaintiff "cannot rectify . . . pleading deficiencies by asserting new facts" in a subsequent motion. *Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010).

pro se plaintiff's inability to pursue a class action is confirmed by Rule 23(a)(4), which requires a determination that "representative parties will fairly and adequately represent the interests of the class." *See also Amaro v. Att'y Gen. for N.M.*, 781 F. App'x 693, 695 (10th Cir. 2019) ("Because Mr. Amaro is proceeding pro se, he cannot adequately represent the interests of the putative class. Rule 23 thus forecloses him from bringing an action on the class's behalf. The district court held as much, and that holding is beyond debate."). It may well be that in an amended complaint Plaintiff could plausibly allege facts indicating a sufficiently numerous class of individuals has claims raising common questions of law, of which Plaintiff's claims are typical. *See Hamilton*, 2026 WL 1764082, at *6-8 (finding, based on "allegations in the complaint" related to those Plaintiff makes in this case, "there [was] a plausible basis for class certification"). While Plaintiff is unrepresented by counsel, though, he cannot adequately represent a class's interests, and no class should be certified.

Likewise, appointment of class counsel would be inappropriate while Plaintiff remains unrepresented by counsel. Rule 23(g) provides for the appointment of class counsel in two circumstances.[11] First, before a class has been certified, a court has discretion to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); *see*

---

[11] Plaintiff specifically seeks "appointment of class counsel pursuant to Fed.R.Civ.P., Rule 23(g)." Doc. 9 at 4. While courts in this circuit sometimes refuse to consider appointment of interim counsel under Rule 23(g)(3) when a party has only sought appointment of class counsel pursuant to Rule 23(g)(1), *e.g.*, *Gentry v. Kostecki*, No. 20-cv-01284, 2021 WL 1428187, at *8 (D. Colo. Apr. 14, 2021), the undersigned liberally construes Plaintiff's motion as requesting appointment of class counsel under Rule 23(g)(1), or in the alternative, appointment of interim counsel under Rule 23(g)(3).

*also Webb v. White*, No. 15-cv-512, 2016 WL 6651313, at *1 (D. Utah Nov. 10, 2016) ("The appointment of interim counsel [under Rule 23(g)(1)] is discretionary." (citation modified)).  Second, "unless a statute provides otherwise, a court that certifies a class must appoint class counsel."  Fed. R. Civ. P. 23(g)(1) (citation modified).

Because Plaintiff is proceeding pro se, he cannot represent the interests of the proposed class, and the class therefore should not be certified.  Because there is no class and no class will be certified, neither Rule 23(g)(1) nor Rule 23(g)(3) applies.  *See Amaro v. New Mexico*, 737 F. App'x 882, 887 (10th Cir. 2018) ("We are not persuaded that Plaintiff's desire to pursue a class action . . . required appointment of an attorney." (citation modified)); *Miranda v. Little*, No. 20-cv-3004, 2021 WL 5067618, at *2 (D. Colo. July 21, 2021) (finding appointment of interim counsel under Rule 23(g)(3) was not merited where "the only basis . . . to support [t]his request" was the plaintiff's "desire to pursue a class action"); *Howden v. Marcantel*, No. CIV. 14-459, 2014 WL 12789681, at *2 (D.N.M. July 17, 2014) ("Plaintiff cannot bootstrap a motion to certify a class action to a motion to appoint counsel in order to obtain counsel on the grounds that the complexity of class action suits creates a need for appointed counsel."); *Handy v. Robinson*, No. 12-cv-01228, 2013 WL 878630, at *2-3 (D. Colo. Feb. 15, 2013) (explaining that Rule 23(g) "does not require courts to appoint free counsel to a proposed class" (citation modified)).

Accordingly, if the Court declines to dismiss Plaintiff's claims on behalf of the putative class, the undersigned recommends Plaintiff's Motion for Class Certification and Appointment of Class Counsel, Doc. 9, be denied without prejudice.[12]

### 2. Plaintiff's Motion to Substitute should be denied as moot.

Plaintiff's Motion to Substitute, seeking to replace Defendant David Ostrowe, the former Director of the Oklahoma Office of Management and Enterprise Services, with Mark Wood, the current Director, Doc. 14 at 1, should be denied as moot.  Motions to substitute a party are governed by Federal Rule of Civil Procedure 25.  Rule 25(d) governs the substitution of public officers, and it provides that if "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending."  Rather, "the officer's successor is automatically substituted as a party."  *Id.* (citation modified).  Because substitution under Rule 25(d) is automatic and has already been accomplished in this case, *supra* note 2, Plaintiff's Motion to Substitute, Doc. 14, should be denied as moot with respect to his claims against Defendant Ostrowe in his official capacity.  If the Court accepts the undersigned's

---

[12] Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses [and] in the interest of justice . . . transfer any civil action . . . to any district or division to which all parties have consented."  Further, Rule 42(a)(2) allows courts to consolidate actions that "involve a common question of law or fact."  While the undersigned does not recommend certifying a class or appointing class counsel at this juncture, the *Hamilton* case in the Northern District of Oklahoma is a counseled putative class action that raises nearly identical legal claims to Plaintiff's.  Accordingly, were the parties to consent, this matter may be appropriate for transfer to the Northern District of Oklahoma, where a judicial officer there could exercise their discretion to consolidate the two cases.

recommendation that Plaintiff's claims against Defendant Ostrowe in his individual capacity be dismissed, the Motion to Substitute should be denied as moot with respect to those claims.[13]

## IV.     <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT IN PART and DENY IN PART** Defendant's Motion to Dismiss, Doc. 12, by dismissing Plaintiff's claims against all Defendants except for his official-capacity claims against Defendant Doyle for prospective declaratory and injunctive relief.  The undersigned further recommends that the Court **DENY** Plaintiff's Motion for Class Certification and Appointment of Counsel, Doc. 9, and **DENY AS MOOT** Plaintiff's Motion to Substitute, Doc. 14.   The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court not later than **August 17, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[13] If the Court declines to dismiss Plaintiff's claims against Ostrowe in his individual capacity, the Motion to Substitute should be denied with respect to those claims.  *See Lewis*, 581 U.S. at 162-63 ("Officers sued in their personal capacity come to court as individuals and the real party in interest is the individual, not the sovereign." (citation modified)); *cf. AlAmiin v. Allbaugh*, No. CIV-19-106-G, 2019 WL 3003644, at *1 n.3 (W.D. Okla. July 10, 2019) (substituting newly appointed ODOC Director "for all claims raised against [prior ODOC Director] in his official capacity" and making no substitution for individual-capacity claims brought against the prior ODOC Director).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 27th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE